**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
IXOTIC AG, et al.,

                       Plaintiffs,                     **MEMORANDUM
                                                                           AND ORDER**

          - against -

                                                                              09-CV-4345 (NG) (JO)

ALEXANDER KAMMER, et al.,

                       Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       In a letter filed on June 30, 2010, the plaintiffs seek "post-default discovery pursuant to [Rules] 26, 55(b)(2), and 69" of the Federal Rules of Civil Procedure. Docket Entry ("DE") 40 ("Motion").[1] Specifically, the plaintiffs seek information "concerning all possibly relevant facts" from named defendants David Cheney, Alexander Kammer, Templeton Limited, and American Bancshares Corporation. Motion at 2-3. For the reasons set forth below, I deny the motion.

       Although the Clerk has entered the defaults of all four of the named defendants at issue pursuant to Federal Rule of Civil Procedure 55(a) in June 2010, a default judgment pursuant to Rule 55(b) has not yet been entered against any of them, or indeed against any other defendant in this action. The distinction is significant: although the rules of procedure explicitly provide for post-judgment discovery, *see* Fed. R. Civ. P. 69(a)(2), they make no such provision for seeking discovery from a defaulting party prior to judgment. To the contrary, all of the mechanisms relating to pre-judgment discovery (leaving aside an exception inapposite here, *see* Fed. R. Civ. P. 27) appear to contemplate that a named party's discovery obligations arise only after the party has appeared and engaged in a discovery planning conference. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(1)(C), (d)(1).

---

[1] Any future request for relief should be styled as a "motion" on the docket, not as a "letter."

The plaintiffs nevertheless assert that it is appropriate for the court to permit post-default discovery under Rules 26 and 69 for the purposes of seeking evidence to determine whether a defendant's behavior merits enhanced damages and to ascertain a damages amount. Motion at 2 (citing *United States v. Angell's Concrete Constr., Inc.*, 2008 WL 4559805, at *1 (M.D. Pa. Oct. 8, 2008); *J & J Sports Prods., Inc. v. Louisias*, 2006 WL 1662608, at *5 n.8 (E.D.N.Y. May 16, 2006); *Directv, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004); *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 997 F. Supp. 399, 400-01 (S.D.N.Y. 1998)). I respectfully disagree; as set out in greater detail in the margin, none of the cited authorities satisfactorily explains the source of a court's authority to grant the kind of relief the plaintiffs seek here, and it appears to be at odds with the timing provisions of the federal rules.[2]

Moreover, even if I had the authority to grant the plaintiffs' request, I would exercise my discretion to deny it. At the risk of over-simplifying the discussion, there are in most cases four general categories of information that a plaintiff might legitimately seek in discovery: information that will assist the plaintiff to establish liability on his claims, information that will

---

[2] In *Angell's Concrete*, the court rested its decision to order post-default discovery on the precedent of the decisions in *J&J* and *Gucci* cited above; it did not independently analyze the source of its authority to order such discovery. In *J&J*, the court merely observed in dicta that a plaintiff seeking damages on a motion for a default judgment "could have sought post-default discovery on the issue of commercial advantage pursuant to Rules 26 or 69 of the Federal Rules of Civil Procedure, but did not do so." 2006 WL 1662608, at *5 n.8. The court neither explained that statement nor sought to reconcile it with the timing provisions of Rule 26. To the extent the court in *Directv* ordered post-default discovery, it reasoned that doing so would be "consistent with Rule 55(b)(2)" – *i.e.*, the rule governing default judgments; it too neither cited any rule actually authorizing such discovery nor explained how its order could be squared with the timing provisions of Rule 26. 308 F. Supp. 2d at 791. Finally, the court in *Gucci* merely noted that it had ordered post-judgment discovery without discussing the source of its authority to do so; moreover, its opinion was later vacated and reversed on other grounds, *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631 (2d Cir. 1998), and therefore is of no precedential value.

2

assist him in establishing his damages, information relevant to punitive damages, and information that will assist the successful plaintiff in enforcing a judgment.

The plaintiffs here have no need for the first kind of information: the defendants' defaults will establish liability (provided the complaint adequately states a claim). They likewise need nothing in discovery to establish their own losses resulting from the asserted violations – as the plaintiffs acknowledge, "most of plaintiffs' damages have been pled and liquidated to the penny (before interest)[.]" Motion at 2; *see also* DE 8 (Amended Complaint) ¶¶ 360-368 (describing damages, all of which are losses allegedly sustained by the plaintiffs). If the plaintiffs eventually secure a default judgment, they will then have ample opportunity to obtain discovery for purposes of locating the defendants' assets and enforcing their judgment. Fed. R. Civ. P. 69(a)(2).

The only potentially closer call arises in regard to damages relating to the claim for punitive damages, and indeed it is on that subject that the plaintiffs focus most of their argument. *See* Motion at 2-3. To the extent the plaintiffs will seek to establish the propriety of an award of common law punitive damages – beyond the punitive trebling of actual damages on their RICO claim – it appears that the plaintiffs already believe themselves to be in a position to do so. *See*, *e.g.*, DE 8 ¶ 60 (alleging that defendant Kammer – one of the defaulting defendants from whom the plaintiffs seek discovery – has "become a serial perpetrator of fraud, as the public record combined with the facts of this case and other information show"); *id*. ¶¶ 61-66 (elaborating on the latter allegation). In such circumstances, I conclude that granting the plaintiffs' motion would impose needless burdens on the parties and unduly prolong these proceedings, while at the same time doing little if anything to increase the likelihood of achieving a just result. I would therefore

decline to grant the plaintiffs the relief they seek even if I believed it to be available. *See* Fed. R. Civ. P. 1 (rules of civil procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly, for the reasons set forth above, I deny the plaintiffs' request for post-default discovery without prejudice to any later request for post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a).

**SO ORDERED.**

Dated: Brooklyn, New York
July 8, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge