UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

IXOTIC AG, ERNST F. AMBROSIUS &
SOHN GEGRÜNDET 1872 GmbH, and
CHRISTIAN KRAIL,

           Plaintiffs,

   -against-

ALEXANDER G. KAMMER, TEMPLETON, LTD.,
AMERICAN BANCSHARES CORPORATION, and
EUROFUNDS ADMINISTRATION, LLC,

           Defendants.

----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 21 2014 ★
BROOKLYN OFFICE

ORDER

No. 09-cv-4345 (NG)(JO)

The Honorable James Orenstein, magistrate judge, has issued a Report and Recommendation ("R&R"), filed September 30, 2014, recommending: (i) denial of plaintiffs' request for entry of a default judgment as to each of four defaulting defendants, Alexander G. Kammer ("Kammer"), Templeton, Ltd. ("Templeton"), American Bancshares Corporation ("ABC"), and Eurofunds Administration, LLC ("Eurofunds"); (ii) dismissal of the RICO claims with prejudice; and (iii) that I decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Plaintiffs have filed objections to the R&R, which I now review *de novo* under Rule 72 (b)(3) of the Federal Rules of Civil Procedure.

Plaintiffs raise four objections. The first is that Judge Orenstein failed to draw all reasonable inferences in plaintiffs' favor. To the contrary, a careful review of the R&R shows that Judge Orenstein comprehensively and sensitively reviewed all of plaintiffs' factual claims and drew all reasonable inferences in their favor before concluding that the RICO claims were inadequate. This objection is rejected.

Plaintiffs' second objection is that Judge Orenstein erred in concluding that there is a lack of personal jurisdiction as to defaulting defendants Kammer, Templeton and ABC. This objection is meritless. Judge Orenstein thoroughly and properly analyzed the applicable law before concluding there was an absence of personal jurisdiction as to these three defendants. Indeed, while plaintiffs failed to identify which provision of New York law they claim supports personal jurisdiction, Judge Orenstein analyzed each possible provision of New York's long-arm statute. In the single case that plaintiffs cite in their objection, *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35 (S.D.N.Y. 1999), jurisdiction was found pursuant to the transacting business provision at section 302(a)(1) of the N.Y. C.P.L.R. *ESI*, 61 F. Supp. 2d at 57-62. However, unlike the present case, the *ESI* defendants had many more significant contacts with New York beyond maintenance of a New York bank account, which evidenced their purposeful availment of the privilege of conducting business in New York, including: the solicitation of business in New York; negotiation of contracts in New York; and contracts requiring specific performance in New York and/or containing a New York forum selection clause. *Id.*; *see also Societe Generale v. Florida Health Sciences Ctr., Inc.*, 2003 WL 22852656 (S.D.N.Y. Dec. 1, 2003). I agree with Judge Orenstein that plaintiffs have failed to show that defendants Kammer, Templeton and ABC purposely availed themselves of the privilege of conducting business in New York, as required.

Plaintiffs' third objection is that the R&R erred in finding that the well-pleaded allegations did not support a RICO claim. As already noted, Judge Orenstein comprehensively reviewed the factual allegations and all reasonable inferences that could be drawn from them in concluding that no RICO claim had been pled. Insofar as Judge Orenstein found that plaintiffs' theory of two distinct enterprises could not be pled in the alternative to a single combined

enterprise, he also found that, if that were the only defect in the pleading, he would recommend allowing plaintiffs to amend in yet another pleading, a third amended complaint. (*See* R&R, at 25 n. 13.) But, as Judge Orenstein correctly noted, such an amendment would be futile in light of plaintiffs' utter failure to establish the continuity necessary to prove a *pattern* of racketeering. (*See id.*, at 18-22, 25 n. 13.)

Finally, plaintiffs argue in their fourth objection that, even if the RICO claims—the sole source of federal jurisdiction[1]—are dismissed, the court should nonetheless exercise supplemental jurisdiction over the remaining state law claims. The court declines to do so. *See* 28 U.S.C. § 1367(c)(3).

In conclusion, the court adopts the well-reasoned and comprehensive R&R of Judge Orenstein, finds a lack of personal jurisdiction over defendants Kammer, Templeton and ABC, dismisses the RICO claims of the Second Amended Complaint with prejudice, and declines to exercise supplemental jurisdiction over the remaining state law claims.

SO ORDERED.
s/Nina Gershon

_____
Nina Gershon
United States District Judge

Dated: January 21, 2015
      Brooklyn, New York

---

[1] Plaintiffs do not object to Judge Orenstein's conclusion that they have insufficiently pled diversity jurisdiction, and I find no clear error in his conclusion. (*See* R&R at 26-27.)